UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MARK GARTH,

        Plaintiff,

        Case No. 2:22-cv-149

v.

        Honorable Maarten Vermaat

LIBERIAN SMITH,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought (ECF No. 2) and was granted leave to proceed *in forma pauperis* (ECF No. 4). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]however, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Fourteenth Amendment equal protection claim and claims pursuant to 42 U.S.C. § 1981 for failure to state a claim. Plaintiff's First Amendment retaliation claim against Defendant Smith remains in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues URF Librarian Smith. (Compl., ECF No. 1, PageID.3.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges that on August 3, 2021, he arrived to work at the URF law library. (*Id.*) Defendant Smith told Plaintiff "to step into his office." (*Id.*) At that time, Defendant Smith stated that staff had notified him "about the civil suits [Plaintiff had] pending on the Warden and Staff, plus the grievance [Plaintiff] just wrote." (*Id.*) Defendant Smith then stated, "I don't want someone like you working around me anymore. . . . I wrote a[n] unfavorable work report, so that you can be removed from work assignment soon." (*Id.*) Plaintiff contends that Defendant Smith also stated that Plaintiff "probably would be better cleaning toilets," and that if Plaintiff "wasn't so focused on lawsuits, [Plaintiff] wouldn't be on [the] verge of termination." (*Id.*) Further, Plaintiff claims that Defendant Smith stated, "Your [sic] the last black clerk standing. You should be working extra hard to prove yourself." (*Id.*)

Plaintiff alleges that he told Defendant Smith that he would be filing a grievance for Defendant Smith's "retaliatory conduct." (*Id.*) Plaintiff states that Defendant Smith "proceeded to write the unfavorable work report, resulting in entry pay with 30[-]day conditioning." (*Id.*)

Subsequently, on August 17, 2021, Plaintiff contends that Defendant Smith prevented Plaintiff from going to collect his store order. (*Id.*) Defendant Smith told Plaintiff that he was preventing Plaintiff from collecting the order because of Plaintiff's prior grievances against Defendant Smith. (*Id.*) Plaintiff advised Defendant Smith that he would be filing another grievance and a lawsuit. (*Id.*, PageID.3–4.) Defendant Smith responded, "F[***] you, you think there [sic] going to take your word over mine? Your [sic] black and a prisoner, good luck." (*Id.*, PageID.4.) Plaintiff then stated, "well if they don't I will file a law suite [sic] and hold you accountable." (*Id.*) In response, Defendant Smith told Plaintiff that he would have Plaintiff "sent to the hole," stating, "you don't threaten me with no grievance and lawsuit." (*Id.*) Plaintiff claims that Defendant Smith then "wrote a false misconduct report for threatening behavior to follow through with his threat to

4

have [Plaintiff] removed from [Plaintiff's] work assignment." (*Id.*, PageID.3; *see* ECF No. 1-6, PageID.38.)

Based on the foregoing allegations, Plaintiff avers that Defendant Smith violated his rights under the First Amendment to be free from retaliation and violated his civil rights under 42 U.S.C. § 1981. (*See* Compl., ECF No. 1, PageID.1.) Further, liberally construing Plaintiff's complaint, as the Court is required to do, Plaintiff also appears to allege that Defendant Smith violated his right to equal protection under the Fourteenth Amendment. As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

5

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    First Amendment Retaliation Claim

Plaintiff alleges that Defendant Smith retaliated against him in violation of the First Amendment. (Compl., ECF No. 1, PageID.1.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

With respect to the first element of a First Amendment retaliation claim, an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839

F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *see also Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). The filing of a civil rights action is also constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002).

Next, to establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. Finally, to satisfy the third element of a retaliation claim, Plaintiff must allege facts that support an inference that the alleged adverse action was motivated by the protected conduct.

At this stage of the proceedings, taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, the Court concludes that Plaintiff's First Amendment retaliation claim against Defendant Smith may not be dismissed on initial review.

### B. Fourteenth Amendment Equal Protection Clause Claim

Plaintiff's allegations in his complaint also implicate the protections of the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right," such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a

compelling state interest." *City of Cleburne*, 473 U.S. at 440. However, while a convicted prisoner does not forfeit all constitutional protections by virtue of his confinement, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted).

To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* at 265–66. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011) (citing *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008)).

Here, Plaintiff states that Defendant Smith referenced Plaintiff's race in several conversations, and Plaintiff appears to allege that Defendant Smith discriminated against Plaintiff based on his race. However, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff fails to allege sufficient facts to support a claim of intentional race discrimination by either direct or indirect evidence. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012) (discussing the distinction between direct and indirect methods of proving discrimination).

First, Plaintiff fails to allege any facts constituting direct evidence of discriminatory motive or purpose. Although Plaintiff alleges that Defendant Smith told Plaintiff, "Your [sic] the last black clerk standing. You should be working extra hard to prove yourself," (Compl., ECF No. 1, PageID.3), Plaintiff alleges that during the same conversation, Defendant Smith also told Plaintiff that if he "wasn't so focused on lawsuits, [Plaintiff] wouldn't be on [the] verge of termination." (*Id.*) Additionally, on a different date, Defendant Smith told Plaintiff that he was preventing Plaintiff from collecting Plaintiff's store order because of Plaintiff's prior grievances against Defendant Smith. (*Id.*) Plaintiff then advised Defendant Smith that he would be filing another grievance and a lawsuit, and Defendant Smith responded, "F[***] you, you think there [sic] going to take your word over mine? Your [sic] black and a prisoner, good luck." (*Id.*, PageID.4.) Defendant Smith also told Plaintiff that he would have Plaintiff "sent to the hole," stating, "you don't threaten me with no grievance and lawsuit." (*Id.*) Under these circumstances, Plaintiff's allegations do not suggest that Defendant Smith's actions were motivated by Plaintiff's race; instead, Plaintiff's allegations suggest that Defendant Smith was motivated by the grievances and lawsuits that Plaintiff had filed. *See Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011) ("[D]irect evidence of discrimination does not require a fact-finder to draw any inferences in order to conclude that the challenged . . . action was motivated at least in part by prejudice against members of the protected group." (quoting *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003))); *see also Tibbs v. Calvary United Methodist Church*, 505 F. App'x 508, 512 (6th Cir. 2012) (discussing that "[d]irect evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor" (citation omitted)); *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 239

(6th Cir. 2005) ("Isolated and ambiguous comments are insufficient to support a finding of direct discrimination." (citation omitted)).

Second, Plaintiff fails to allege a *prima facie* claim under the indirect, burden-shifting framework of *McDonnell Douglas*, 411 U.S. 792, because he fails to allege that other inmates who worked in the library were similarly situated in all relevant respects. *See Umani*, 432 F. App'x at 458. To be a similarly situated member of another class, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the[] [decisionmaker's] treatment of them for it.'" *Id.* at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). Here, Plaintiff has failed to identify any comparative prisoners who were in the same position, but were treated differently.

For the reasons set forth above, Plaintiff fails to state an equal protection claim, and this claim will be dismissed.

### C. Claims Under 42 U.S.C. § 1981

Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors and provides a cause of action for race-based employment discrimination. *See* 42 U.S.C. § 1981. In *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), the Supreme Court held that § 1981 does not itself provide a remedy against state actors. *Id.* at 731. Plaintiff's claims are against a state actor. And, regardless, Plaintiff fails to allege any *facts* showing that he was involved in the making or enforcing of contracts between public and private actors or that he faced race-based employment discrimination. Plaintiff therefore fails to state a claim under § 1981.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourteenth Amendment equal protection claim and claims pursuant to 42 U.S.C. § 1981 will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claim against Defendant Smith remains in the case.

An order consistent with this opinion will be entered.

Dated:   November 8, 2022                     /s/ *Maarten Vermaat*
                                               Maarten Vermaat
                                               United States Magistrate Judge